UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 06-20185
                                                HONORABLE VICTORIA A. ROBERTS

v.

ROY CHRISTOPHER WEST,
MARCUS LAMONT FREEMAN,
MICHAEL ELDREN BRACEY,
ALVINO DEWIGHT CORNELIUS,
ALSEDDRICK DEWUNN WEST,

        Defendant(s).
_____/

ORDER

I.    BACKGROUND AND PROCEDURAL HISTORY

On September 23, 2005, Leonard Day allegedly cut Lasauda Lundy's throat and murdered Janice Shulte and Larry Ziokovich in Detroit. The Detroit Police Department issued a warrant for Day's arrest for the attempted murder of Lundy; no warrant issued against him in connection with the murders of Shulte or Ziokovich.

Defendants claim Day fled to Ohio to avoid detection by authorities and retribution from Lundy. Defendants say the evidence will show: (1) Day returned to Detroit in November; (2) Lundy wanted to "get even" with Day; (3) Day was robbed at gunpoint at the Cino Lounge on December 17, 2005; and (4) Day was murdered on December 20, 2005.

On April 6, 2006, Roy Christopher West, Marcus Lamont Freeman, Michael Eldren Bracey, Alvino Dewight Cornelius, and Alseddrick Dewunn West were indicted

1

for Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-for-Hire, in violation of 18 U.S.C. §1958. The Government says Defendants were involved in a conspiracy to kill Day.

The Government says the evidence will show: (1) Day stole money, jewelry, a .40 caliber pistol, and two sets of car keys from Roy's home in Ohio on November 10, 2005; (2) Day fled to Detroit after the robbery; (3) Roy instructed Cornelius, Bracey, and others to search for Day; (4) Freeman asked Roy about a house on Kilbourne Street in Detroit; and (5) Freeman killed Day on December 20, 2005 in a driveway on Kilbourne.

On July 17, 2008, the Government filed a "Motion in Limine to Exclude Evidence of the Victim's Criminal History." (Doc. #124). The Government says: (1) Day's lengthy juvenile and adult criminal records and suspected violent conduct are not relevant to any fact in consequence; (2) any possible relevance is substantially outweighed by the danger of unfair prejudice and misleading the jury; and (3) specific instances of Day's conduct are inadmissible pursuant to Fed. R. Evid. 405(b).

Bracey responded to the Government's motion on August 1, 2008. Roy, Alseddrick, Freeman, and Cornelius joined in Bracey's Response.

The Government's motion was referred to Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. §636(b)(1)(A) for a determination. On January 15, 2009, Magistrate Morgan held a hearing. She issued an "Order on Motions" on January 29, 2009. The Order granted the Government's motion in part and denied it in part:

(1)  Day's criminal conduct prior to September 23, 2005 is excluded because it is too remote and general;

and

2

(2)  Day's criminal conduct beginning September 23, 2005 with respect to murders, flight, ATM use, and robbery may be admissible under Fed. R. Evid. 403, if Defendants show a direct connection between Day and a third person. The Judge and the Government must have prior notice of Defendants' intention to offer such evidence, including any intent to reference such conduct in voir dire or opening statements, so the Judge may rule on its admissibility before it is known to the jury.

Before the Court is: (1) the Government's "Partial Objection to Magistrate Judge Morgan's Order on Motions" (Doc. #272); (2) Bracey's "Objection to Magistrate Judge Morgan's Report and Recommendation Regarding the Government's Motion in Limine to Exclude Evidence of Victim's Criminal History" (Cornelius, Alseddrick, and Roy join) (Doc. #285); (3) Cornelius's "Objections to Magistrate Judge Morgan's Order on Motions" (Alseddrick and Roy join) (Doc. #289); and (4) Freeman's "Supplemental Objection to Magistrate Morgan's Order on Motions" (Roy and Cornelius join) (Doc. #295).

The Government objects to the wording of the Magistrate's Order. It says before Defendants may introduce evidence that a third party killed Day, they must provide substantial evidence connecting a third party to Day's murder, not just a connection between a third party and Day.

Bracey, Cornelius, Alseddrick, and Roy have a different objection. They object to the Magistrate's conclusion that Day's conduct beginning September 23, 2005 may be admissible only under certain conditions. They ask the Court to find Day's conduct beginning September 23, 2005 admissible because: (1) exclusion of that evidence violates their constitutional right to a meaningful opportunity to present their defense that a third party killed Day in retaliation or anger; and (2) Fed. R. Evid. 404(a)(2), 405(a), and 405(b) allow admission of that evidence.

3

Cornelius, Alseddrick, and Roy object to the Magistrate's exclusion of Day's violent conduct before September 23, 2005. They say such evidence is admissible for purposes other than showing a third party committed the crime, and ask the Court to reserve ruling until: (1) the admission of this evidence can be evaluated in light of the evidence presented at trial; (2) the purpose for which the evidence is being offered is clear; and (3) the theory of the defense unfolds.

Finally, Freeman, Roy, and Cornelius object to the Magistrate's conclusion that Defendants must show a direct connection between Day and a third party before Day's criminal conduct beginning September 23, 2005 may be admitted. They say: (1) Day's conduct is admissible to support their defense that a third party killed Day; (2) the evidence is admissible pursuant to their right to present a defense and right to a jury trial; (3) the evidence is relevant and material under Fed. R. Evid. 401 because it shows another person might have killed Day; (4) the evidence is not substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury under Fed. R. Evid. 403, because the Government will introduce Day's criminal propensities in its case-in-chief. Further, they say the evidence will be relatively short and circumspect, and the Court must give a cautionary instruction. Finally, these Defendants contend the evidence is admissible under Fed. R. Evid. 404(b).

Oral argument was heard on June 19, 2009.

For the following reasons, the Court **DECLINES TO ADOPT** the Magistrate's "Order on Motions" as it relates to Day's criminal history.

**II.     ARGUMENTS AND ANALYSIS**

### A.     Day's Criminal Conduct Beginning September 23, 2005

#### 1.     Meaningful Opportunity to Present Defense

Defendants undoubtedly have a fundamental and constitutional right to a meaningful opportunity to present a complete defense. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)).  In addition, "[f]undamental standards of relevancy, subject to the discretion of the court to exclude cumulative evidence and to insure orderly presentation of a case, require the admission of testimony which tends to prove that a person other than the defendant committed the crime that is charged."  *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980) (citing *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Pettijohn v. Hall*, 599 F.2d 476, 482 (1st Cir. 1979); *United States v. Robinson*, 544 F.2d 110, 113 (2nd Cir. 1976); *Holt v. United States*, 342 F.2d 163, 165-66 (5th Cir. 1965)); *see also People of the Territory of Guam v. Ignacio*, 10 F.3d 608, 615 (9th Cir. 1993) ("There is no question that the defendant has the right to introduce evidence of third-party culpability") (citing *Perry v. Rushen*, 713 F.2d 1447, 1449 (9th Cir. 1983); *Washington v. Texas*, 388 U.S. 14, 19 (1967)); *Wade v. Mantello*, 333 F.3d 51, 58 (2nd Cir. 2003) ("The Constitution protects a criminal defendant from the arbitrary exclusion of material evidence, and evidence establishing third-party culpability is material.").

Nevertheless, a defendant's right to present relevant evidence is subject to reasonable restrictions.  *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (citing *Taylor v. Illinois*, 484 U.S. 400, 410 (1988); *Rock v. Arkansas*, 483 U.S. 44, 55 (1987); *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)).  For example, judges have wide

latitude to exclude evidence that is repetitive; only marginally relevant; or poses an undue risk of harassment, prejudice, or confusion of the issues. *Crane*, 476 U.S. at 689-90 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)); *see also Holmes v. South Carolina*, 547 U.S. 319, 326 (2006) (well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by unfair prejudice, confusion of the issues, or potential to mislead the jury) (citing Fed. R. Evid. 403); *Wade*, 333 F.3d at 58 ("[t]he power of courts to exclude evidence through the application of evidentiary rules that serve the interests of fairness and reliability is well-settled") (citing *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)).

Any defense evidence that a third party killed Day will be probative if it: (1) shows someone other than Defendants had the opportunity, ability, and motive to kill Day; (2) supports an alternative theory of how Day might have been killed; and (3) answers the question, "if Defendants did not commit the crime, who did?" *See United States v. Crosby*, 75 F.3d 1343, 1347 (9th Cir. 1996).

In *Crosby*, the defendant sought to introduce evidence that the victim's husband may have committed the assault: (1) the victim's husband lived five miles from where the assault occurred; (2) the victim's husband beat the victim's boyfriend nine months before the assault because he was jealous; (3) a neighbor saw the victim's husband beat the victim on at least three occasions; (4) the victim reported that her husband beat her 3-4 times a month when they lived together; and (5) the victim's husband was in the general area at the time of the assault. *Crosby*, 75 F.3d at 1346. The *Crosby* court found that the district court abused its discretion in excluding this evidence because it provided an alternative theory of how the crime may have been committed. *Id.* at 1347-

6

49.

In *Holmes*, the defendant presented several witnesses at a pre-trial hearing who testified that a man named Jimmy McCaw White was in the victim's neighborhood on the morning of the assault. Four witnesses testified that White either acknowledged that petitioner was innocent or admitted to committing the crime. While White denied making the incriminating statements and provided an alibi, another witness refuted the alibi. *Holmes*, 547 U.S. at 323. The United States Supreme Court held that the exclusion of defendant's evidence of third-party guilt evidence denied defendant of a fair trial. *See id.* at 331.

In *Wynne v. Renico*, 279 F.Supp.2d 866 (E.D.Mich. 2003), the petitioner sought to introduce evidence that Mark Peckham, the main prosecution witness, was the actual murderer and killed the victim in a way that implicated the petitioner as revenge against the petitioner for real or imagined wrongs. *Wynne*, 279 F.Supp.2d at 877-78. Specifically, petitioner wanted to introduce: (1) evidence that Peckham previously engaged in a similar modus operandi when he took revenge on his girlfriend after she broke up with him; (2) testimony that Peckham was violent towards his girlfriend; (3) testimony that Peckham admitted he had a passive-aggressive personality, had a penchant for violence, and sought revenge in secretive ways; and (4) evidence of an oblique admission by Peckham that (a) he had done something so bad that if the police ever found out, he would be put in jail for life and (b) it was more fun to hunt men than animals. The *Wynne* Court held that the exclusion of this evidence violated petitioner's constitutional right to present a defense. *Id.* at 882. According to the Court, "Evidence that someone other than the defendant may have committed the crime is critical

exculpatory evidence that the defendant is entitled to present to the jury." *Id.* (citations omitted).

In the cases in which evidence that a third party may have committed the crime was held properly excluded, a particular person was identified, but the evidence either did not show the third party had an opportunity to commit the crime or did not establish a connection between the third party and the crime. *See Wade*, 333 F.3d at 54 (petitioner attempted to suggest that a gang member named Gene had a motive to kill the victim, but petitioner could not show the third party had the opportunity to commit the murder. "And even if opportunity could be inferred, nothing linked this third party to [the victim's] murder"); *Andrews v. Stegall*, 2001 WL 303525 at **1 (6th Cir. March 19, 2001) (the defense theory was that the victim was killed by a drug dealer named Maurice to whom he was indebted, but there was nothing connecting Maurice to the offense); *United States v. George*, 2008 WL 3992341 at **1 (9th Cir. Aug. 14, 2008) (defendant sought to introduce testimony that the victims' brother committed the crimes, but he failed to make the connection between the proffered testimony and any evidence that connects the brother to the crimes).

These cases lead to the conclusion that Defendants may introduce the murders of Shulte and Ziokovich, the attempted murder of Lundy, and the robbery at the Cino Lounge to show a third party killed Day, if Defendants can: (1) point to a specific person who had the motive, opportunity, and ability to kill Day; and (2) produce sufficient evidence to show a nexus between Day's murder and the alternative perpetrator. To that extent, the Court finds that Government's objections have merit.

Defendants concede that they cannot pinpoint an individual who may have killed

Day. Further, to prove that one of Day's enemies had the opportunity to kill him, Defendants only rely on the fact that Day was in Detroit and accessible to anyone who may have wanted to harm him (i.e., he was not hiding).

As of now, Defendants have not identified the requisite evidence to support their theory that a third party killed Day. The attempted murder, robbery, and two murders would be more prejudicial than probative. *See* Fed. R. Evid. 403. In addition, the proposed evidence does not tend to negate the evidence the Government has tying Defendants to Day's murder, making it only marginally relevant. *See United States v. Montelongo*, 420 F.3d 1169, 1175-76 (10th Cir. 2005). Finally, the presentation of this evidence could be lengthy; Bracey says he would essentially be putting on the State's murder case.

For these reasons, evidence of the attempted murder, robbery, and two murders are inadmissible.

Day's parole violation is inadmissible because Defendants do not show how that crime would cause a third party to kill Day. The fact that Day lived a lawless lifestyle does not mean a third party wanted him dead.

The Court is mindful that "[I]f the evidence [that someone else committed the crime] is in truth calculated to cause the jury to doubt, the court should not attempt to decide for the jury that this doubt is purely speculative and fantastic but should afford the accused every opportunity to create that doubt." *United States v. Vallejo*, 237 F.3d 1008, 1023 (9th Cir. 2001) (citing *Crosby*, 75 F.3d at 1349) (quoting 1A John Henry Wigmore, *Evidence in Trials at Common Law* § 139 (Tillers rev. ed. 1983)) (alterations in original); *see also Wynne*, 279 F.Supp.2d at 883 (evidence suggesting that the

prosecution's main witness may be the actual perpetrator should be admitted even when the defense theory is purely speculative "since it is the jury's role to consider the evidence and determine whether it presents 'legitimate alternative theories for how the crime occurred'") (citations omitted).

However, "[t]hat a third party may have borne animus towards the victim, standing alone, does little to establish that the third party committed the crime." *Wade*, 333 F.3d at 60 (citing *United States v. Diaz*, 176 F.3d 52, 82 (2nd Cir. 1999)). There must be evidence that allows the jury to reasonably conclude that a particular third party may have killed Day. It will be insufficient for Defendants to offer unsupported speculation that a third party killed Day.

The Court appreciates Freeman's argument that he should be allowed to introduce circumstantial evidence that any third party committed the crime because the Government can introduce circumstantial evidence that Defendants committed the crime. However, the law requires Defendants to identify a particular third party and present evidence that the third party had the opportunity, motive, and ability to kill Day to support their third-party culpability theory.

In addition, the Government presented evidence to a Grand Jury that connected the Defendants to Day's murder. The Grand Jury found probable cause that Defendants conspired to kill Day; this probable cause finding was the foundation for the indictment which issued against Defendants.

The Court now determines whether Day's criminal conduct is admissible under the Federal Rules of Evidence, as Defendants claim.

### 2. Character Evidence Under Fed. R. Evid. 404(a)(2)

Defendants say Day's criminal conduct beginning September 23, 2005 is admissible under Fed. R. Evid. 404(a)(2).

Generally, "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a).

However, in a criminal case, an accused may present evidence of a pertinent character trait of the alleged victim of the crime. Fed. R. Evid. 404(a)(2).

Because Defendants seek to introduce Day's criminal conduct as evidence that Day was killed by a third party – not that Defendants acted in self-defense – Rule 404(a)(2) does not apply. *See United States v. Gregg*, 451 F.3d 930, 933 (8th Cir. 2006) ("A defendant can introduce evidence of a victim's violent character to establish conformity therewith in homicide cases where self-defense is raised") (citing Fed. R. Evid. 404(a)(2)); *see also United States v. Hillsberg*, 812 F.2d 328, 334 (7th Cir. 1987) (the victim's violent propensities were not pertinent because defendant did not claim he acted in self-defense or that he was provoked).

The Court declines to admit Day's criminal conduct beginning September 23, 2005 on this basis, given the defense theory.

### 3. Fed. R. Evid. 405(a) and 405(b)

Defendants say evidence of Day's criminal history is admissible under Fed. R. Evid. 405(a) and 405(b).

#### a. Fed. R. Evid. 405(a)

Fed. R. Evid. 405(a) says:

11

> In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

Rule 405(a) is not a rule to determine admissibility. Before the Court applies 405(a), it must have already ruled certain evidence admissible; Rule 405(a) only provides a methodology for admission, and evidence of Day's criminal history cannot be ruled admissible in reliance on this rule.

### b. Fed. R. Evid. 405(b)

Fed. R. Evid. 405(b) says:

> In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

Defendants say Day's violent history is an essential element of their defense that a third party killed Day.

In determining whether character is an essential element, the Court asks the following question: would proof (or failure of proof) of a person's character by itself satisfy an element of the charge, claim, or defense? If not, character is not an essential element. *See United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995) (citations omitted).

Proof that Day himself committed violent criminal acts does not prove a third party killed Day. Therefore, it is not an essential element of the defense, and this Rule is not a basis on which the Court could admit evidence of Day's criminal history.

### 4. "Reverse 404(b) Evidence"

Defendants also cite Fed. R. Evid. 404(b) to support their position that Day's

12

criminal conduct beginning September 23, 2005 is admissible.

      Fed. R. Evid. 404(b) says:

      Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

      Rule 404(b) is typically used by prosecutors to support the Government's theory that the defendant committed the crime charged, and to introduce evidence of a criminal defendant's prior bad acts as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." It can also be used defensively, if the evidence tends to negate the defendant's guilt. *Montelongo*, 420 F.3d at 1174 (quoting *Agushi v. Duerr*, 196 F.3d 754, 760 (7th Cir. 1999)). When Rule 404(b) evidence is used defensively, it is referred to as "reverse 404(b) evidence." *Montelongo*, 420 F.3d at 1174 (citing *United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004)). "Reverse 404(b) evidence" is typically used to prove someone else is guilty of the crime attributed to a defendant. In that respect, it is no different from other exculpatory evidence.

      Freeman, Roy, and Cornelius cite *Montelongo* for the proposition that under Fed. R. Evid. 404(b), they may introduce Day's criminal conduct to prove Day was killed by one of many enemies. They also argue the evidence is relevant to prove that one of Day's enemies had a motive to kill Day.

      The *Montelongo* court reviewed four factors before concluding that defendants

13

could introduce evidence about an incident that occurred a few months before their arrest. First, "evidence of the prior incident tended to negate the Defendants' guilt, and, as such, was directly – as opposed to merely 'marginally' – relevant." *Montelongo*, 420 F.3d at 1175-76. Second, the evidence tended to show the prior incident involved "nearly identical conduct," and thus "was not merely coincidental." *Id.* at 1176. Third, the evidence "was neither cumulative nor repetitive." *Id.* Finally, "the Defendants had no improper motive in seeking it." *Id.*

The *Montelongo* case suggests that "reverse 404(b) evidence" is admissible when a defendant has a plausible alternative explanation that someone other than the defendant committed the crime, and the evidence he seeks to admit is essential to develop that explanation.

According to Defendants' "Response to Government's Motion in Limine to Exclude Evidence of Leonard Day's Criminal History," they seek to introduce:

1. evidence of Day's violent nature; and

2. the fact that Day committed serious crimes against several people, many of whom may have wished him harm.

At oral argument, counsel for Bracey said he specifically seeks to introduce evidence concerning the attempted murder, the robbery at the Cino Lounge, the two murders, and that Day was wanted on a parole violation. Counsel for Freeman seeks to introduce the same evidence, with the exception of the parole violation.

Defendants' proposed evidence does not provide a plausible alternative explanation for who killed Day. The defense proposal sounds like a backdoor attempt at character assassination of Day and an attempt to prove that a cadre of people may

14

have wanted him dead.  Defense counsel insists, however, that they seek to prove third-party culpability – not that Day is a bad guy.  The evidence does nothing to rebut the evidence the Government has against Defendants.  "Reverse 404(b) evidence" is less important when there is no defense evidence negating the Government's evidence tying Defendants to the crime.

### B.   Day's Criminal Conduct Before September 23, 2005

Defendants do not object to the Magistrate's ruling that Day's criminal conduct before September 23, 2005 is inadmissible to prove a third party killed Day.

However, Cornelius, Alseddrick, and Roy object to the Magistrate's wholesale exclusion of this evidence.  They say Day's criminal conduct before September 23, 2005 may be admissible for another purpose and ask the Court to reserve ruling on its admission.

At least 30 days before trial, Defendants must inform the Court and the Government of: (1) Day's conduct that they intend to introduce; (2) the witnesses and/or documents they intend to use to get that conduct into evidence; and (3) the purpose for which they intend to introduce such evidence.  The Court will then decide the admissibility of Day's criminal conduct before September 23, 2005.

### III.   CONCLUSION

The Court **DECLINES TO ADOPT** the Magistrate's "Order on Motions" as to Doc. #124.  Day's criminal conduct before September 23, 2005 may be admissible depending on the defense theory.  This issue will be decided before trial.

Day's criminal conduct beginning September 23, 2005 is inadmissible, based on

15

the proposed evidence Defendants outlined to the Court.

    **IT IS ORDERED**.

                                        s/Victoria A. Roberts  
                                        Victoria A. Roberts  
                                        United States District Judge

Dated:  July 8, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 8, 2009.
>
> s/Linda Vertriest  
> Deputy Clerk