**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

                    **Plaintiff(s),**          **CASE NUMBER: 06-20185**
                                               **HONORABLE VICTORIA A. ROBERTS**

**v.**

**ROY CHRISTOPHER WEST,**
**MARCUS LAMONT FREEMAN,**
**MICHAEL ELDREN BRACEY,**
**ALVINO DEWIGHT CORNELIUS,**
**ALSEDDRICK DEWUNN WEST,**

                    **Defendant(s).**
_____/

**ORDER GRANTING THE GOVERNMENT'S**
**MOTION FOR RECONSIDERATION**

On April 6, 2006, Defendants were charged with Conspiracy to Use Interstate

Commerce Facilities in the Commission of Murder-for-Hire, in violation of 18 U.S.C.

§1958.  Michael Bracey provided a statement to FBI Agents regarding the alleged

murder-for-hire on April 13, 2006.

On January 21, 2009, Roy West filed a Motion to Sever His Trial from All Co-

Defendants.  Roy asked the Court to sever his trial from Bracey based on *Bruton v.*

*United States*, 391 U.S. 123 (1968) and *Crawford v. Washington*, 541 U.S. 36 (2004).

Roy says Bracey's statement cannot be introduced at a joint trial.

On August 24, 2009, the Court entered an Order requiring additional information

from the Government regarding Roy's motion for severance from Bracey.  *See* Doc.

#344.  Specifically, the Court required the Government to provide the Court and counsel

1

for all Defendants with: (1) a copy of whatever written version of Bracey's statement it intends to introduce at trial; (2) a synopsis of the agent's testimony; (3) a list of the documents and/or witnesses it intends to use to establish the elements of the crime charged against Bracey's co-Defendants; and (4) a form of the limiting instruction it suggests should be given to the jury.

Before the Court is the Government's "Motion for Reconsideration of [the] Order Requiring the Government to Disclose a List of Documents and Witnesses it Intends to Use to Establish the Elements of the Crime Charged Against Defendants."  (Doc. #345). The Government says the requirement to provide a list of the documents and/or witnesses it intends to use to establish the elements of the crime charged against Bracey's co-Defendants is extraordinary, could put witnesses in danger, could limit the evidence the Government can rely on at trial, and is inconsistent with *Richardson v. Marsh*, 481 U.S. 200 (1987).

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case.  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001).  "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  L.R. 7.1(g)(3).

In *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988), the Sixth Circuit held that "the prosecutor is not required to deliver his entire file to defense counsel, but only

2

to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Presser*, 844 F.2d at 1281 (quoting *United States v. Bagley*, 473 U.S. 667, 675 (1985)); *see also United States v. Atisha*, 804 F.2d 920, 923-24 (6th Cir. 1986) ("[w]hile Fed. R. Crim. P. 16 places some requirements on the government to disclose evidence to a defendant, the government is not compelled by statute or the Constitution to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial'") (citations omitted).

Because the documents and/or witnesses the Government intends to use to establish the elements of the crime charged against Bracey's co-Defendants does not constitute "evidence favorable to the accused," *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (evidence is favorable to the accused if it is exculpatory or impeaching), the Government is not required to disclose that information to defense counsel.

The Government's motion for reconsideration is **GRANTED**. The portion of the Court's August 24, 2009 Order requiring the Government to disclose the documents and/or witnesses it intends to use to establish the elements of the crime charged against Bracey's co-Defendants suffers from a palpable defect and is **VACATED**.

However, the Government is reminded that if Bracey's statement is admitted in a joint trial, it cannot use the statement to establish an essential element of the co-Defendants' crime (i.e., it cannot be used against Bracey's co-Defendants).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

3

Dated:  September 10, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 10, 2009.
>
> s/Carol A. Pinegar
> Deputy Clerk

4