UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

          Plaintiff(s),          CASE NUMBER: 06-20185
                                        HONORABLE VICTORIA A. ROBERTS

v.

**ROY CHRISTOPHER WEST,
MICHAEL ELDREN BRACEY,
ALVINO DEWIGHT CORNELIUS,**

          Defendant(s).
_____/

ORDER DENYING DEFENDANTS'
MOTION FOR *DAUBERT* HEARING

**I.    INTRODUCTION**

This matter is before the Court on Alvino Cornelius' "Motion for *Daubert* Hearing as to all Expert Testimony to be Proffered by Government" (Michael Bracey and Roy West join).  (Doc. #367).

Defendants' motion is **DENIED**.

**II.    APPLICABLE LAW AND ANALYSIS**

Under Fed. R. Evid. 702:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles or methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Before the Court can admit testimony under Rule 702, it must ensure the

1

testimony is relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) (scientific testimony must be relevant and reliable); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148-49 (1999) (*Daubert*'s principles apply to all expert testimony admissible under Fed. R. Evid. 702 – not just scientific testimony). "In short, under *Daubert* and its progeny, a party proffering expert testimony must show by a 'preponderance of proof' that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of issues relevant to the case." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (citing *Daubert*, 509 U.S. at 592 n.10).

"This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. The factors the Court may consider in making this assessment include:

(1)     whether the theory or technique can be (and has been) tested

(2)     whether the theory or technique has been subjected to peer review and publication

(3)     the known or potential rate of error and

(4)     general acceptance within the scientific community.

*Id.* at 593-94.

The Government's proposed expert testimony consists of: (1) Sprint representatives identifying by longitude and latitude the location of a tower when a signal was received from a telephone; and (2) law enforcement officers interpreting "lingo" used during recorded telephone conversations.

The Court declines Defendants' request for a *Daubert* hearing on this proposed testimony; the Court does not need a formal hearing to assess whether the testimony is relevant and reliable. *See Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999) (the Court is not required to hold a *Daubert* hearing; it is only required to make an initial assessment of the relevance and reliability of the expert testimony); *see also Kumho Tire Co., Ltd.*, 526 U.S. at 142 ("the law grants a district court . . . broad latitude when it decides *how* to determine the reliability" of an expert's testimony) (emphasis in original) (citing *General Electric Co. v. Joiner*, 522 U.S. 136, 143 (1997) (courts of appeals are to apply "abuse of discretion" standard when reviewing district court's reliability determination)).

### III. CONCLUSION

While Defendants' motion is **DENIED**, before a scientific or technical witness is allowed to provide expert testimony under Rule 702, the party proffering the witness must establish by a preponderance of the evidence that (a) the witness is qualified as an expert; and (b) the witness will testify to scientific or technical knowledge that will assist the jury in understanding and disposing of relevant issues.

Before a witness is allowed to provide expert testimony based on personal experience (e.g., law enforcement officers interpreting "lingo"), the party proffering the witness must establish by a preponderance of the evidence that (a) the witness has sufficient knowledge, skill, experience, training, or education to testify about the specific area; (b) the area requires specialized knowledge that is not within the experience of an average juror; (c) the testimony is relevant to the alleged murder-for-hire; and (d) the

testimony will assist the jury in understanding a specific area.

If the opposing party objects to qualifying the witness as an expert, the Court will indicate on the record the reasons the witness may or may not provide expert testimony (i.e., whether the expert is qualified, and whether the testimony is relevant and reliable). The Court's reasons may or may not include the *Daubert* factors. *See Tennessee Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319, 335 (6th Cir. 2001) (*Daubert* reliability factors may not be helpful if the expert testimony is based on practical experience); *see also Kumho Tire Co., Ltd.*, 526 U.S. at 141 ("*Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case.").

Finally, the opposing party may voir dire and/or cross-examine the witness about his or her qualifications and methodologies.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 18, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 18, 2009.

s/Carol A. Pinegar
Deputy Clerk