**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

                     **Plaintiff(s),**         **CASE NUMBER: 06-20185**
                                           **HONORABLE VICTORIA A. ROBERTS**

**v.**

**ROY CHRISTOPHER WEST,**
**MARCUS LAMONT FREEMAN,**
**MICHAEL ELDREN BRACEY,**
**ALVINO DEWIGHT CORNELIUS,**
**ALSEDDRICK DEWUNN WEST,**

                     **Defendant(s).**
_____/

**ORDER DENYING DEFENDANTS'**
**MOTIONS TO SUPPRESS WIRETAP EVIDENCE**

**I.**    **INTRODUCTION**

    This matter is before the Court on four motions:

(1)    Roy West's "Motion to Suppress Title III Wiretaps or, in the Alternative, for an Evidentiary Hearing" (Michael Bracey, Alseddrick West, and Marcus Freeman join) (Doc. #97).

(2)    Marcus Freeman's "Motion to Suppress Evidence Obtained Through Electronic Surveillance and for an Evidentiary Hearing" (Roy and Bracey join) (Doc. #132).

(3)    Michael Bracey's "Motion to Suppress Wire Tap Evidence" (Alseddrick, Roy, and Freeman join) (Doc. #165).

(4)    Alseddrick West's "Motion to Suppress Fruits of Electronic Surveillance Obtained Pursuant to Tracking Order No. 04 US00096-P, and Request for an Evidentiary Hearing" (Bracey, Freeman, Roy, and Alvino Cornelius join) (Doc. #143).

    The Court has already entered Orders addressing many issues raised by these

motions, but required that an evidentiary hearing be held on whether all wiretap

evidence should be suppressed for violation of the minimization requirement.

An evidentiary hearing was held on September 22, 2009 and November 19, 2009.

The Court **DENIES** Defendants' motions.

## II.   ARGUMENTS AND ANALYSIS

### A.   Intrusion into Conversations that had no Possibility of Furthering the Investigation

Defendants say all wiretap evidence must be suppressed because the monitoring agents intruded into conversations they knew had no possibility of furthering the investigation.  To illustrate their point, defense counsel played a telephone call at the evidentiary hearing in which Roy West ordered pizza, and the monitoring agents did not minimize the call.

While the monitoring agents listened to conversations that were irrelevant to the investigation, "[t]he [minimization] statute does not forbid the interception of all nonrelevant conversations, but rather instructs the agents to conduct the surveillance in such a manner as to 'minimize' the interception of such conversations."  *Scott v. United States*, 436 U.S. 128, 140 (1978); *see also United States v. Feldman*, 606 F.2d 673, 678 (6th Cir. 1979) ("(t)he (minimization) statute is deemed to be satisfied if 'on the whole the agents have shown a high regard for the right of privacy and have done all they reasonably could to avoid unnecessary intrusion'") (citations omitted).

More importantly, suppression of all wiretap evidence is only appropriate when the failure to minimize is egregious.  *See e.g., United States v. Cleveland*, 964 F.Supp. 1073, 1091-92 (E.D. La. 1997) ("Those courts that have allowed the remedy of

complete suppression have done so only when there were violations of 'egregious magnitude,' which were in 'flagrant disregard' of the duties of minimization") (citing *United States v. Lamantia*, 1996 WL 559950 (N.D. Ill Sept. 30, 1996)); *United States v. Mansoori*, 304 F.3d 635, 648 (7th Cir. 2002) (appropriate relief for inadequate minimization efforts is likely suppression of conversations that were inappropriately monitored; wholesale suppression of all intercepted conversations is reserved for the "particularly horrendous case") (citing *United States v. Charles*, 213 F.3d 10, 22 (1st Cir. 2000)).

Defendants do not cite any case law in which a court suppressed all wiretap evidence for failure to minimize nor did the Court find any case law in which all wiretap evidence was suppressed for that reason.

Indeed, in *United States v. Hoffman*, 832 F.2d 1299 (1st Cir. 1987), the monitoring agents listened to 22 calls between a person not suspected of participation in criminal activity and her attorney. *Hoffman*, 832 F.2d at 1307. Even that conduct did not warrant suppression of all wiretap evidence. *See id.* at 1309 (total suppression of the wiretap evidence – a "drastic" remedy – was not warranted; suppression of the 22 calls was adequate).

A review of the Compact Linesheet Minimizations & Averages that was presented at the evidentiary hearing shows the monitoring agents reasonably avoided unnecessary intrusion; Defendants did not meet their burden to prove suppression of all wiretap evidence is warranted. *See United States v. Giacalone*, 853 F.2d 470, 482 (6th Cir. 1988) ("the law is clear in this circuit that 'the burden of production and persuasion rests on the person seeking to suppress evidence'") (quoting *United States v. Smith*,

3

783 F.2d 648, 650 (6th Cir. 1986)).

**B.    False Progress Reports**

Defendants say all wiretap evidence must be suppressed because the agents submitted false Progress Reports to the issuing Judge.

18 U.S.C. §2518(10)(a) allows the court to suppress wiretap evidence on the grounds that:

(i)    the communication was unlawfully intercepted;

(ii)    the order of authorization or approval under which it was intercepted is insufficient on its face; or

(iii)    the interception was not made in conformity with the order of authorization or approval.

Defendants did not meet their burden to prove that submitting false Progress Reports to the issuing Judge fits into one of these categories.

Finally, the Court declines to impose the sanction of suppression of all wiretap evidence because the Government allegedly submitted false Progress Reports.

**III.   CONCLUSION**

Defendants' motions are **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 30, 2009

4

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 30, 2009.

s/Carol A. Pinegar
Deputy Clerk